IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JODI MICHELLE ESTEP, #202000469, and AKW, *minor*, <br><br> Plaintiff, <br><br> vs. <br><br> RUSSELL SHOTWELL, <br> BRYAN LACHEMEIER, <br> WILFRED WAIT, <br> and VICKIE BECKER, <br><br> Defendants. | Case No. 21-cv-00214-JPG |

### MEMORANDUM & ORDER

**GILBERT, District Judge:**

On February 19, 2021, Plaintiff Jodi Estep filed this civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Southern District of Indiana. (Doc. 1). In the Complaint, she brings claims for violations of her constitutional rights and the rights of her minor child in Clark County, Illinois. (*Id*.). Because the events giving rise to the action occurred in this federal judicial district, the case was transferred to the Southern District of Illinois on February 23, 2021. (Docs. 3-5).

On the same date, this Court entered an Order requiring Plaintiff to either prepay the $402.00 filing fee for this action or file a motion for leave to proceed without prepayment of the fee (IFP motion) within thirty (30) days (on or before March 26, 2021). (Doc. 7). Plaintiff was warned that failure to pay the filing fee or submit the IFP motion by the deadline would result in dismissal of the action for failure to prosecute. (*Id*.) (citing FED. R. CIV. P. 41(b); *Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir. 1998)). Plaintiff was also advised of her obligation to update her

address within seven days of any change by filing a "Notice of Change of Address" with the Court. She was warned that failure to do so could provide an independent ground for dismissal. (*Id*.).

On February 26, 2021, the Court screened the Complaint pursuant to 28 U.S.C. § 1915A. (Doc. 9). The Complaint did not survive preliminary review. (*Id*.). Plaintiff was granted leave to file a First Amended Complaint on or before March 26, 2021. (*Id*.). She was reminded of her obligation to either prepay her filing fee or file an IFP motion by the same deadline. Plaintiff was warned that failure to file a First Amended Complaint and IFP motion/filing fee by this deadline would result in dismissal of the action. FED. R. CIV. P. 41(b).

Plaintiff has since violated all of the Court's Orders discussed herein. She has not prepaid the $402.00 filing fee or filed an IFP motion, in violation of the Order at Document 7. She has not filed a First Amended Complaint, in violation of the Order at Document 9. Plaintiff's mail has repeatedly been returned to the Court undeliverable because she has not updated her address, in violation of the Order at Document 7. (*See* Docs. 1, 8, 10, 11, and 13). Further, Plaintiff has not responded to the Court's Order to Show Cause why this case should not be dismissed for failure to update her address. (Doc. 11).

The Court will not allow this matter to linger indefinitely. This action will be dismissed without prejudice based on Plaintiff's failure to comply with the Orders at Documents 7, 9, and 11. *See* FED. R. CIV. P. 41(b). The dismissal shall <u>not</u> count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice, based on Plaintiff's failure to comply with the Court's Orders (Docs. 7, 9, and 11) to file a First Amended Complaint, pay her filing fee or file for IFP status, and update her address. FED. R. CIV. P. 41(b);

*Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).  This dismissal does <u>not</u> count as one of Plaintiff's three allotted "strikes" within the meaning of Section 1915(g).

**IT IS ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $402.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, she may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(A)(4).  If Plaintiff does choose to appeal, she will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 3/29/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

3